UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Criminal Action No. |
| MAURICE JOHNSON, | § § | 7:06-cr-008-O |
| Defendant. | § § § § | |

## ORDER

Before the Court is Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses (ECF No. 100), filed pursuant to 18 U.S.C. § 3582. Having considered the motion, the facts of this case, and the applicable law, the Court finds that the motion should be and is hereby **DENIED.**

**I. BACKGROUND**

A jury convicted Defendant of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (count one), distribution of 5 grams or more of cocaine base (counts two and three) and unlawful possession of a firearm by a felon (counts four and six), and unlawful possession of ammunition by a convicted felon (count five). Prior to sentencing, the Government filed a sentencing enhancement identifying prior drug convictions which, if proven, required a mandatory sentence of life in prison for count one and increased the range of punishment on counts two and three to 10 years to life. At sentencing, the Court determined that Defendant's total offense level was 42 because all counts of conviction were grouped together using § 3D1.2 of

1

the United States Sentencing Guidelines Manual (the "Guidelines"). Offense level 42 provided a Guideline range of between 360 months and life. Because count one required a mandatory sentence of life in prison by statute, its guideline level was life. Based on these conclusions, the Court sentenced Defendant to a life sentence on all counts.

## II. LEGAL STANDARD

The United States Sentencing Commission (the "Sentencing Commission") amended the sentencing guideline provision for cocaine base ("crack cocaine") to provide for a possible reduction of the base offense level for crack cocaine sentences. In addition, the Sentencing Commission directed that the crack cocaine amendment would apply retroactively to any defendant currently in custody on a crack cocaine sentence (the "crack cocaine amendments"). A defendant serving a crack cocaine sentence imposed pursuant to § 2D1.1 of the Guidelines may seek to reduce his sentence by filing a motion under 18 U.S.C. § 3582(c)(2), provided that the crack cocaine amendments reduce his offense level under the Guidelines.

## III. DISCUSSION

The crack cocaine amendments apply only to crack cocaine sentences imposed under § 2D1.1 of the Guidelines and does not apply to defendants sentenced under other Guideline sections or statutory mandatory minimums. *See United States v. Stokes,* 341 Fed. App'x 611 (11th Cir. 2009) (defendant not entitled to 3582 reduction when sentence based on mandatory minimum based on penalty enhancement); *see also United States v. Davis*, 389 F. App'x 364, 365 (5th Cir. 2010)(3582 inapplicable when sentenced under career offender guideline); *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009) ("The crack cocaine amendments do not apply to prisoners sentenced as career offenders.").

Here, Defendant was sentenced to life in prison on count one based on a statutory mandatory minimum triggered by the Government's notice of sentencing enhancement. Accordingly, the crack cocaine amendments do not permit Defendant to seek a reduction in his sentence for count one. *See United States v. Stokes*, 341 Fed. App'x 611.

In addition, Defendant is not entitled to a reduction in sentence on the remaining counts because the crack cocaine amendments do not reduce his Guideline range for those counts. *See United States v. Derrow,* 377 Fed. App'x 411 (5th Cir. 2010)(no reduction permissible even if the offense level is reduced if the guideline imprisonment range remains the same); *Lewis*, 347 Fed. App'x 977 (5th Cir. 2009)(Section 3582 permits reduction only when Guideline amendment reduces sentencing range). Defendant's Guideline range at the time of sentencing was 360 months to life. Using the current Guideline Manual to calculate Defendant's offense level, the crack cocaine amendments would result in a base offense level of 32. Based on the 6 level enhancements made at sentencing,[1] Defendants total offense level for the remaining counts under the current Guideline Manual is 38, criminal history category VI, producing a Guideline range of 360 months to. Since the crack cocaine amendments do not reduce Defendant's Guideline imprisonment range, he is not entitled to a reduction in sentence on any of the remaining counts. *Id.*

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses (ECF No. 100) is **DENIED.**

---

[1] All other Guideline decisions besides the crack cocaine amendments are unaffected when recalculating the Guidelines under 3582. *See United States v. Edwards*, 156 F.3d 182, n2 (5th Cir. 1998).

**SO ORDERED** on this **19th day** of **June 2013.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE